No. 14,317.

BULLINGTON ET AL. *v.* ROOT.
(78 P. [2d] 628)

Decided April 18, 1938.

Mr. E. G. Vanatta, for plaintiffs in error.

Mr. J. F. Meador, for defendant in error.

*In Department.*

Mr. Chief Justice Burke delivered the opinion of the court.

Plaintiffs in error are hereinafter referred to as defendants and defendant in error as plaintiff, as they appeared below.

December 14, 1937, plaintiff recovered a judgment in the sum of $153.00 and costs against defendants in justice court, and the latter appealed. December 23 following, they filed their bond and docketed the cause in the county court, paying a docket fee of $8.50 and taking a receipt therefor. January 13, 1938, plaintiff moved to "dismiss the appeal" because the required docket fee had not been paid within twenty days after the approval of the appeal bond, contending that the statutory docket fee was $13.50. February 11, it was ordered that the appeal be dismissed and procedendo issue to the justice court. To review that judgment defendants prosecute this writ. The assignments merely challenge the ruling on the amount of the required fee. The sole question here is, Does the statute prescribe a docket fee of $7.50 or $12.50, plus a tax of $1.00 in either case?

The general essentials of a valid appeal from justice to county court are prescribed by section 141, chapter 96, '35 C. S. A. It is therein provided that a party appealing "Shall, within twenty days from the date of the approval of his appeal bond, pay to the clerk of the court to which he takes an appeal, all fees necessary to have the cause docketed and placed on the calendar of said court. In

case said party appealing fails to pay said fees within said time, then the said cause shall be dismissed on application of the appellee, and the clerk of said court shall at once issue a writ of procedendo * * *.''

Section 4, chapter 66, id., is the only statute fixing ''the fees necessary to have the cause docketed'' in courts of record. It fixes the fee payable by the plaintiff ''at the time of first appearance'' in certain enumerated cases at $7.50, and ''at the time of filing the first papers in suits'' in other enumerated cases at $12.50. The instant case can hardly fall in the latter class because the first papers in the suit were filed in justice court. It might be said to fall in the former because in that class the fee fixed is payable ''at the time of first appearance,'' and this was defendants' ''first appearance'' in the county court. In our opinion, however, neither was intended to cover the docket fee payable on appeal as here, since a later provision of the same kind reads: ''In all other suits, actions or *proceedings of any kind* or nature *not specially mentioned herein,* a fee of $7.50.''

We find no decision in this jurisdiction on the question presented and none in point has been called to our attention. In our opinion, however, none is necessary. The plain language of the statute is susceptible of but one construction. Appeals from justice to county court are ''not specially mentioned'' and the last provision for a docket fee of $7.50 covers that class. Counsel for defendant in error makes a very persuasive argument to the contrary. It rests solely upon reasoning and its one defect is that it flatly contradicts the statute. We therefore conclude that defendants paid ''all fees necessary to have the cause docketed.''

This cause is before us on application for supersedeas, consent thereto, and request for final judgment on the application. Ordinarily, of course, the writ would issue, but the gross injustice of requiring defendants to print abstract and briefs, not to mention the delay necessarily incident thereto, where the actual sum in controversy is

$5.00, where defendants are so clearly in the right, and where they have no way of protecting themselves by the payment of the amount, is all so apparent from the face of the record that we elect to thus dispose of the cause.

The judgment is accordingly reversed.

MR. JUSTICE HILLIARD, MR. JUSTICE BAKKE and MR. JUSTICE KNOUS concur.